**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| UNITED KEETOWAH BAND OF CHEROKEE INDIANS IN OKLAHOMA.<br><br>　　　　　Plaintiff(s),<br><br>vs.<br><br>UNITED STATES OF AMERICA, <u>et</u> <u>al.</u>,<br><br>　　　　　Defendant(s). | Case No.   06-cv-00559-RAW |

## JOINT STATUS REPORT

　　　　JURY DEMANDED: ___ Yes  _X_ No

I.　　Summary of Claims:

　　　　This is an action for declaratory and injunctive relief brought by the United Keetoowah Band of Cherokee Indians in Oklahoma against the United States of America, which served as trustee for certain monies, lands and other assets belonging to the United Keetoowah Band of Cherokee Indians in Oklahoma, and against the Secretary of Interior and Secretary of the Treasury acting in their official capacities as trustee-delegates of the United States.

II.　　Summary of Defenses:

　　　　The Court has granted Defendants an extension of time, to and including March 30, 2007, to file an Answer or otherwise respond to the Complaint. Defendants have been and continue to be researching, investigating, and preparing responses to the allegations in the Complaint. Therefore, Defendants are presently unable to summarize their defenses with particularity. Nonetheless, based on currently available information, Defendants believe that, depending on the outcome of their research and investigation, they may assert one or more of the following defenses: to the extent that Plaintiff is asserting claims that existed before August 13, 1946, those claims are barred by the Indian Claims Commission Act of August 13, 1946, 60 Stat. 1049, as amended (formerly 25 U.S.C. § § 70 et seq.); and to the extent that Plaintiff is asserting claims that it or its privies asserted or could have asserted in a prior adjudication in which a court of competent jurisdiction entered a final judgment, those claims are barred by the principle of *res judicata*. Defendants reserve the right to assert additional defenses, as their research, investigation, and preparation of responses to the allegations in the Complaint may reveal.

III.　　Motions Pending:

| Docket No. | Description | At Issue Since |
|---|---|---|
| | | |

IV.　　Stipulations:

　　　　A.　　Jurisdiction Admitted:　　_X_ Yes　　___ No (If no, explain.)

　　　　B.　　Venue Appropriate:　　___ Yes　　_X_ No (If no, explain.)

Defendants do not stipulate to venue being proper in this District.

C. Facts:

    1. It is the Plaintiff's position that the following are the facts that should be stipulated to:

        a. The United Keetoowah Band of Cherokee Indians in Oklahoma is a sovereign Indian tribe based in Tahlequah, Oklahoma, acknowledged by the United States as an Indian tribe, with all the legal rights and responsibilities of a federally recognized tribe.

        b. The United States acts as trustee for certain monies, lands and other assets rightfully belonging to the United Keetoowah Band of Cherokee Indians in Oklahoma.

        c. The United States delegated certain of its trust responsibilities over such assets to the Secretary of Interior, who is charged by law with carrying out certain duties and responsibilities of the United States as trustee for the United Keetoowah Band of Cherokee Indians in Oklahoma.

        d. The United States delegated certain of its trust responsibilities to the Secretary of the Treasury, who, in that capacity, is custodian of funds held in trust for the Keetoowah Cherokees and has trust responsibilities with regard to the administration of such funds as well as the preparation and maintenance of records in connection with those funds.

        e. In an 1828 treaty with the United Keetoowah Band of Cherokee Indians in Oklahoma, the United States agreed to hold land in trust for the benefit of the whole Cherokee people.

        f. In an 1846 treaty, the 1828 treaty relationship between the United Keetoowah Band of Cherokee Indians in Oklahoma and the United States was reaffirmed agreeing that lands would be held for the benefit of the whole Cherokee people.

        g. As a trustee, the United States owes fiduciary duties including but not limited to providing periodic, timely accountings of tribal trust funds and the duty to cause an annual audit of all tribal trust funds to be conducted.

    2. Defendants are unable to make any stipulations of facts at this time, especially those set forth by Plaintiff above. The Court has granted Defendants an extension of time, to and including March 30, 2007, to file an Answer or otherwise respond to the Complaint. Defendants have been and continue to be researching, investigating, and preparing responses to the factual allegations in the Complaint.

    D.    Law

        1.    It is the Plaintiff's position that following is the law that should be stipulated to:

The Treaties of 1828 and 1846 entered into between the United States and the United Keetoowah Band of Cherokee Indians in Oklahoma in 1828 and 1846; 25 U.S.C. §§ 4011 and 162a(d); Acts of Dec. 22, 1987, Pub. L. No. 100-202; 101 Stat. 1329; Oct. 23, 1989, Pub. L. No. 101-121, 103 Stat. 701; Nov. 5, 1990, Pub. L. No. 101-512, 104 Stat. 1915, and Nov. 3, 1991, Pub. L. No. 102-154, 105 Stat. 990; Act of Nov. 5, 1990, Pub. L. No. 101-512, 104 Stat. 1915; Act of Nov. 13, 1991, Pub. L. No. 102-154, 105 Stat. 990; Act of Oct. 5, 1992, Pub. L. No. 102-381, 106 Stat. 1374; Act of Nov. 11, 1993; Pub. L. No. 103-138, 107 Stat. 1379; Act of Sept. 30, 1994, Pub. L. No. 103-332, 108 Stat. 2499; Act of Apr. 26, 1996, Pub. L. No. 104-134, 110 Stat. 1321; Act of Sept. 30, 1996, Pub. L. No. 104-208, 110 Stat. 3009; Act of Nov. 14, 1997, Pub. L. No. 105-83, 111 Stat. 1543; Act of Oct. 21, 1998, Pub. L. No. 105-227, 112 Stat. 2681; Act of Nov. 29, 1999, Pub. L. No. 106-113, 113 Stat. 1501; Act of Oct. 11, 2000, Pub. L. No. 106-291, 114 Stat. 922; Act of Nov. 5, 2001, Pub. L. No. 107-63, 115 Stat. 414; and Act of Feb. 2003, Pub. L. No. 108-17, 117 Stat. 11 provide the applicable law.

        2.    Defendants are unable to make any stipulations of law at this time, especially those treaties and statutes set forth by Plaintiff above. The Court has granted Defendants an extension of time, to and including March 30, 2007, to file an Answer or otherwise respond to the Complaint. Defendants have been and continue to be researching, investigating, and preparing responses to the legal allegations in the Complaint.

V.    Proposed Deadlines:

    A.    Parties to be added by: April 13, 2007

    B.    Proposed discovery cutoff date: September 13, 2007

    C.    Case ready for trial (month/year): Not applicable.

    D.    Anticipated number of trial days (excluding jury selection): Not applicable.

VI.    Fed. R. Civ. P. 26(f) Discovery Plan

    A.    Have initial disclosures under Rule 26(a)(1) been *exchanged and filed*? If not, please explain why.

Rule 26(a)(1) disclosures have not been exchanged and filed pursuant to the exemptions for said disclosures found in Rule 26(a)(E)(i) "an action for review on an administrative record."

**Note that pursuant to Rule 26 and this Order, all parties are under an affirmative duty to (i) comply with the mandatory disclosure requirements, and (ii) notify the Court of any nondisclosure so that the issue can be promptly resolved. Failure of any party to disclose information, or failure of any party to bring disclosure issues to the Court's**

- 3 -

> **attention in a timely manner, may result in sanctions, including prohibiting the use of that information at trial, pursuant to Rule 37(c)(1).**

B. If applicable, have disclosures pursuant to Fed. R. Civ. P. 7.1 been filed? If not, please explain why.

Not applicable because no corporations are party to this suit.

C. Should discovery be conducted in phases and/or should discovery be limited at this time to particular subject matters or issues?

1. It is anticipated by the United Keetoowah Band of Cherokee Indians in Oklahoma that discovery will be necessary to supplement the administrative record.

2. Defendants are unable to take a position at this time about the appropriateness of discovery, especially discovery to supplement the administrative record. Defendants would note, however, that Plaintiff has invoked the Court's jurisdiction under the Administrative Procedure Act (APA), 5 U.S.C. §§ 500-706, see Complaint, Doc. 2, ¶ 4, and that discovery is generally disallowed in such administrative record review cases.

D. Should any changes be made in the limitations on discovery imposed by the Federal Rules of Civil Procedure or the Court's local rules?

1. Plaintiff believes that, due to the unique nature and volume of information, the range of time involved, and the potential lack of uniform recording, discovery should remain mutable as justice and judicial economy dictate.

2. Defendants are unable to take a position at this time about whether changes should be made the discovery limitations imposed by the Federal Rules of Civil Procedure or local rules in this particular case. Defendants would note, however, that Plaintiff has invoked the Court's jurisdiction under the Administrative Procedure Act (APA), 5 U.S.C. §§ 500-706, see Complaint, Doc. 2, ¶ 4, and that discovery is generally disallowed in such administrative record review cases.

E. Proposed Number of fact and expert depositions

1. To be allowed for Plaintiff?

Discovery must be conducted to ascertain the information required to provide an answer to the above question.

2. To be allowed for Defendant?

Defendants are unable to take a position at this time about the proposed number of fact and expert depositions. Defendants would note, however, that Plaintiff has invoked the Court's jurisdiction under the Administrative Procedure Act (APA), 5 U.S.C. §§ 500-706, see Complaint, Doc. 2, ¶ 4, and that discovery is generally disallowed in such administrative record review cases.

F. Is there a need for any other special discovery management orders by the Court?

1. Plaintiff takes the position that discovery must be conducted to ascertain the information required to provide an answer to the above question.

        2.    Defendants are unable to take a position at this time about the need for any other special discovery management orders in this particular case. Defendants would note, however, that Plaintiff has invoked the Court's jurisdiction under the Administrative Procedure Act (APA), 5 U.S.C. §§ 500-706, see Complaint, Doc. 2, ¶ 4, and that discovery is generally disallowed in administrative record review cases.

VII.    Are Dispositive Motions Anticipated? If so, describe them.

The parties anticipate briefing and filing motions for summary judgment, judgment on the pleadings, and/or dismissal. The parties may file cross-motions.

VIII.    Settlement Plan **(Check one)**

    A.    __X__    Settlement Conference Requested after <u>September 13, 2007</u>
                           Describe settlement judge expertise required, if any:_____

    B.    ____    Private Mediation Scheduled in _____

    C.    ____    Other ADR **(Explain)** _____

    D.    ____    ADR is not appropriate in this case **(Explain)** _____

IX.    Does this case warrant special case management? If yes, explain why.

No.

X.    Do the parties request that the Court hold a scheduling conference?
Yes __X__  No _____

**If a conference is not requested, the Court may, after receiving this report, strike the status and scheduling conference currently set and issue a scheduling order based in part on the information contained in this report. <u>Counsel will be notified if the conference is stricken</u>. <u>Counsel should appear at the conference unless notified otherwise by the Court</u>.**

**Failure of the parties to timely <u>*exchange and file*</u> Rule 26 Disclosures will result in the conference proceeding as scheduled.**

Read and Approved by:

*/s/ James C. McMillin*                               */s/ Anthony P. Hoang*
*by Anthony P. Hoang, pursuant to*              Attorney for Defendant
*<u>written authorization provided on March 8, 2007</u>*
Attorney for Plaintiff

_____
Attorney for Third Party