IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED KEETOWAH BAND OF CHEROKEE INDIANS IN OKLAHOMA, <br><br> Plaintiff, <br><br> v. <br><br> THE UNITED STATES OF AMERICA, et al., <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) Case No. 06-cv-00559-RAW |

## ANSWER

Defendants Dirk Kempthorne, Secretary of the Interior ("Interior"), and Henry M. Paulson, Jr., Secretary of the Treasury ("Treasury") (collectively "Defendants") hereby submit the following Answer. Defendants specifically deny each and every allegation of the Complaint that is not otherwise expressly admitted, qualified, or denied in this Answer. The numbered paragraphs of this Answer correspond to the numbered paragraphs of the Complaint.

### I. NATURE OF THE ACTION

1.  Paragraph 1 contains Plaintiff's characterizations of its case to which no response is required.

### II. PARTIES

2.  As to the allegations in Paragraph 2, Defendants admit that Plaintiff received federal recognition for the purposes of organizing under the Oklahoma Indian Welfare Act, Pub. L. No. 74-816, 49 Stat. 1967 (1936) (codified at 25 U.S.C. §§ 501 *et seq.* (2002)), and that Plaintiff has its seat of government in Tahlequah, Oklahoma. The remaining allegations in Paragraph 2 consist of

Plaintiff's characterizations and conclusions of law to which no response is required.

3. As to the allegations in the first sentence of Paragraph 3, upon current information and belief, Defendants deny that the United States is holding monies, lands, and other assets in trust for the benefit of Plaintiff, and they aver that, in a case currently pending before the United States Court of Federal Claims, <u>United Keetoowah Band of Indians v. United States</u>, No. 1:03-cv-01433 (Fed. Cl.) (Firestone, J.), Plaintiff has asserted a claim to certain funds that are held in trust pursuant to the Cherokee, Choctaw, and Chickasaw Nations Claims Settlement Act, Pub. L. No. 107-331, § 608, 116 Stat. 2845, 2852-54 (codified at 25 U.S.C. § 1779f (2002)). As to the allegations in the second and third sentences of Paragraph 3, Defendants admit that the United States carries out certain legal responsibilities to trust beneficiaries through Interior and Treasury. The remaining allegations in Paragraph 3 consist of Plaintiff's characterizations and conclusions of law to which no response is required.

### III. JURISDICTION AND VENUE

4. Paragraph 4 contains Plaintiff's characterizations and conclusions of law to which no response is required.

5. Paragraph 5 contains Plaintiff's characterizations and conclusions of law to which no response is required.

### IV. PLAINTIFF'S ALLEGATIONS

6. As to the allegations in Paragraph 6, Defendants deny that the United States entered into a treaty in 1828 with an entity known as the Keetoowah Cherokees. The remaining allegations consist of Plaintiff's characterizations and conclusions of law to which no response is required. Further, the referenced treaty provides the complete statement of its contents and speaks for itself.

7.      As to the allegations in Paragraph 7, Defendants deny that the United States entered into a treaty in 1846 with an entity known as the Keetoowah Cherokees. The remaining allegations in Paragraph 7 consist of Plaintiff's characterizations and conclusions of law to which no response is required. Further, the referenced treaty provides the complete statement of its contents and speaks for itself.

8.      As to the allegations in Paragraph 8, upon current information and belief, Defendants deny that the United States is holding monies, lands, and other assets in trust for the benefit of Plaintiff. Further, Defendants aver that the responsibilities of the United States to trust beneficiaries are defined by the provisions of statutes, such as the American Indian Trust Fund Management Reform Act of 1994, Pub. L. No. 103-412, § 103(a), 108 Stat. 4239, 4241 (codified at 25 U.S.C. §§ 4001-61 (1994)), as well as implementing regulations, which contain a complete statement of their contents and speak for themselves. The remaining allegations in Paragraph 8 consist of Plaintiff's characterizations and conclusions of law to which no response is required.

9.      As to the allegations in Paragraph 9, upon current information and belief, Defendants deny that the United States is holding monies, lands, and other assets in trust for the benefit of Plaintiff. The remaining allegations in Paragraph 9 consist of Plaintiff's characterizations and conclusions of law to which no response is required.

10.     Paragraph 10 contains Plaintiff's characterizations and conclusions of law to which no response is required. The cited statutes provide the complete statement of their contents and speak for themselves. Further, Defendants aver that Treasury has no obligation to provide an accounting to Plaintiff.

11.     As to the allegations in Paragraph 11, upon current information and belief,

Defendants deny that the United States is holding monies, lands and other assets in trust for the benefit of Plaintiff.  Further, Defendants aver that the term "accountings," as used by Plaintiff, is vague and  ambiguous, so that they are unable to formulate a response thereto, *see, e.g.*, Bogert & Bogert, *Trusts and Trustees* §§ 965-968 (rev. 2d ed. 1982) (hereinafter "*Bogert & Bogert*"). and that Treasury has no obligation to provide an accounting to Plaintiff.  The cited statutes provide the complete statement of their contents and speak for themselves.  The remaining allegations in Paragraph 11 consist of Plaintiff's characterizations and conclusions of law to which no response is required.

       12.    Paragraph 12 contains Plaintiff's characterizations and conclusions of law and selective quotes from referenced statutes to which no response is required.  The cited statutes provide the complete statement of their contents and speak for themselves.

       13.    As to the allegations in Paragraph 13, upon current information and belief, Defendants deny that the United States is holding monies, lands, and other assets in trust for the benefit of Plaintiff.  Further, Defendants aver that the term "accountings," as used by Plaintiff, is vague and ambiguous, so that they are unable to formulate a response thereto, *Bogert & Bogert* §§ 965-968, and that Treasury has no obligation to provide an accounting to Plaintiff.  The remaining allegations in Paragraph 13 consist of Plaintiff's characterizations and conclusions of law to which no response is required.

       14.    As to the allegations in Paragraph 14, upon current information and belief, Defendants deny that the United States is holding monies, lands, and other assets in trust for the benefit of Plaintiff.  Further, Defendants aver that the term "accountings," as used by Plaintiff, is vague and ambiguous, so that they are unable to formulate a response thereto, *Bogert & Bogert* §§

965-968, and that Treasury has no obligation to provide an accounting to Plaintiff. The remaining allegations in Paragraph 14 consist of Plaintiff's characterizations and conclusions of law to which no response is required.

15.     As to the allegations in Paragraph 15, upon current information and belief, Defendants deny that the United States is holding monies, lands, and other assets in trust for the benefit of Plaintiff. The remaining allegations in Paragraph 15 consist of Plaintiff's characterizations and conclusions of law to which no response is required.

### V.   COUNT ONE—DECLARATORY JUDGMENT

16.     Defendants incorporate by reference herein their responses to Paragraphs 1 through 15 above.

17.     Paragraph 17 contains Plaintiff's characterizations and legal conclusions to which no response is required. Upon current information and belief, Defendants deny that the United States is holding monies, lands, and other assets in trust for the benefit of Plaintiff.

18.     As to the allegations in Paragraph 18, upon current information and belief, Defendants deny that the United States is holding monies, lands, and other assets in trust for the benefit of Plaintiff. The remaining allegations in Paragraph 18 consist of Plaintiff's characterizations and conclusions of law to which no response is required.

19.     As to the allegations in the first sentence of Paragraph 19, upon current information and belief, Defendants deny that the United States is holding monies, lands, and other assets in trust for the benefit of Plaintiff. The cited court opinion provides a complete statement of its contents and speaks for itself. The remaining allegations in Paragraph 19 consist of Plaintiff's characterizations and legal conclusions to which no response is required.

20.     As to the allegations in Paragraph 20, upon current information and belief, Defendants deny that the United States is holding monies, lands, and other assets in trust for the benefit of Plaintiff.  Further, Defendants aver that the term "accountings," as used by Plaintiff, is vague and ambiguous, so that they are unable to formulate a response thereto, *see, e.g.*, *Bogert & Bogert* §§ 965-968, and that Treasury has no obligation to provide an accounting to Plaintiff.  The cited court opinions provide a complete statement of their contents and speak for themselves.  The remaining allegations in Paragraph 20 consist of Plaintiff's characterizations and legal conclusions to which no response is required.

21.     As to the allegations in Paragraph 21, upon current information and belief, Defendants deny that the United States is holding monies, lands, and other assets in trust for the benefit of Plaintiff.  Further, Defendants aver that the term "accounting," as used by Plaintiff, is vague and ambiguous, so that they are unable to formulate a response thereto, *see, e.g.*, *Bogert & Bogert* §§ 965-968, and that Treasury has no obligation to provide an accounting to Plaintiff.  The cited court opinions provide a complete statement of their contents and speak for themselves.  The remaining allegations in Paragraph 21 consist of Plaintiff's characterizations and legal conclusions to which no response is required.

22.     Paragraph 22 contains Plaintiff's characterizations and legal conclusions to which no response is required.

23.     Paragraph 23 contains Plaintiff's characterizations and legal conclusions to which no response is required.

### VI.  COUNT TWO—INJUNCTION TO COMPEL AN ACCOUNTING

23 [*sic*]. Defendants incorporate by reference herein their responses to Paragraphs 1 through

23 [*sic*] above.

24.  As to the allegations in Paragraph 24, upon current information and belief, Defendants deny that the United States is holding monies, lands and other assets in trust for the benefit of Plaintiff. Further, Defendants aver that Treasury has no obligation to provide an accounting to Plaintiff. The remaining allegations in Paragraph 24 consist of Plaintiff's characterizations and legal conclusions to which no response is required.

25.  As to the allegations in Paragraph 25, upon current information and belief, Defendants deny that the United States is holding monies, lands and other assets in trust for the benefit of Plaintiff. Further, Defendants aver that Treasury has no obligation to provide an accounting to Plaintiff. The remaining allegations in Paragraph 25 consist of Plaintiff's characterizations and legal conclusions to which no response is required.

26.  Paragraph 26 contains Plaintiff's characterizations and legal conclusions and the relief it requests in this action to which no response is required.

The remainder of the Complaint consists of Plaintiff's Prayer for Relief to which no response is required. To the extent that a response is required, Defendants deny the allegations.

## VII. AFFIRMATIVE DEFENSES

1.  Plaintiff asserts claims that are barred, in whole or in part, by the Statute of Limitations, 28 U.S.C. § 2401.

2.  To the extent that Plaintiff asserts claims that existed on or before August 12, 1946, those claims are barred by the Indian Claims Commission Act of August 13, 1946, 60 Stat. 1049, as amended (formerly 25 U.S.C. §§ 70 *et seq.*).

3.  Plaintiff asserts claims that are barred, in whole or in part, by the doctrines of laches

and equitable estoppel or any other equitable defense.

4. To the extent that Plaintiff asserts claims that it or its privies asserted or could have asserted in a prior adjudication in which a court of competent jurisdiction entered a final judgment, including but not limited to, <u>Buzzard v. Oklahoma Tax Comm'n</u>, 992 F.2d 1073 (10th Cir.), <u>cert. denied</u> <u>sub</u> <u>nom.</u> <u>United Keetoowah Band of Cherokee Indians v. Oklahoma Tax Comm'n</u>, 510 U.S. 994 (1993), those claims are barred in whole or in part by the doctrines of *res judicata* and/or *collateral estoppel*.

5. Plaintiff asserts certain claims over which this Court lacks jurisdiction.

6. Plaintiff has failed to join a necessary and indispensable party.

Respectfully submitted this 30th day of March, 2007.

    MATTHEW J. MCKEOWN
    Acting Assistant Attorney General

    */s/ Anthony P. Hoang*
    ANTHONY P. HOANG
    JENNIFER L. ALLAIRE
    MARTIN J. LALONDE
    United States Department of Justice
    Environment and Natural Resources Division
    Natural Resources Section
    P. O. Box 663
    Washington, D.C. 20044-0663
    Tel: (202) 305-0241
    Tel: (202) 305-0456
    Tel: (202) 305-0247
    Fax: (202) 353-2021

    Attorneys for Defendants

OF COUNSEL:

THOMAS R. BARTMAN
Office of the Solicitor
United States Department of the Interior
Washington, D.C. 20240

TERESA E. DAWSON
Office of the Chief Counsel
Financial Management Service
United States Department of the Treasury
Washington, D.C. 20227

## CERTIFICATE OF SERVICE

I hereby certify that, on March 30, 2007, I electronically transmitted the foregoing document to the Clerk of the Court, using the ECF system for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

    James C. McMillin
    james.mcmillin@mcafeetaft.com

    Michael D. McClintock
    michael.mcclintock@mcafeetaft.com

    Attorneys for Plaintiff

                          */s/ Anthony P. Hoang*
                          ANTHONY P. HOANG