IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED KEETOWAH BAND OF CHEROKEE INDIANS IN OKLAHOMA, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 06-cv-00559-RAW |
| THE UNITED STATES OF AMERICA, et al., | ) ) ) ) | |
| Defendants. | ) ) | |

## JOINT STATUS REPORT AND PROPOSAL REGARDING NEXT STEPS IN CASE

Pursuant to the Court's order on March 14, 2007, Plaintiff and Defendants (the parties) hereby submit the following joint status report and proposal about how this case should proceed, based on the issues discussed by counsel for the parties and the Court at the joint status and scheduling conference on March 14, 2007.

As the parties previously informed the Court, after Plaintiff filed this case on December 29, 2006, counsel for the parties discussed and agreed that it would be in the best interests of the parties to resolve Plaintiff's issues and claims herein without the need for extended litigation and that the parties would undertake a process to attempt such an alternative resolution. The parties requested a joint temporary stay of litigation so that they could pursue the alternative resolution. The Court denied the parties' request. At the status and scheduling conference on March 14, 2007, among other things, the Court made clear its preference for litigation without undue delay and instructed counsel for the parties to confer and make a proposal to the Court about how best to proceed with the case.

Pursuant to the Court's direction, counsel for the parties have conferred and agreed about

the following:

1.   Plaintiff had filed this case in order to preserve its issues and claims against the effects of the expiration of a statute of limitations on December 31, 2006.

2.   The parties continue to believe that it would be in their best interests to address and possibly resolve Plaintiff's issues and claims herein through a settlement or alternative dispute resolution (ADR) process.

3.   The parties continue to believe that such an approach would be consistent with principles of judicial efficiency and conservation of the parties' limited resources.

4.   The parties need additional time to conduct the requisite full discussions about the possibility of settlement or ADR in the case.

5.   The parties have discussed the various possible immediate next steps that they can and should take in the case. Currently, they are focusing their efforts on exploring the possibility of entering into an agreement that would dismiss this case without prejudice; preserve Plaintiff's issues and claims; allow appropriate time and opportunity to the parties to undertake the necessary settlement or ADR discussions; and enable Plaintiff to re-file its lawsuit at a later time, in the event that the parties' settlement or ADR discussions are fruitless.

6.   The parties need sufficient time to complete the requisite research and negotiate the terms and conditions of such an preservation agreement.

7.   After they finish negotiating the agreement, the parties need sufficient time to submit the complete agreement, in draft form, to the Chief of Plaintiff and to the appropriate officials at the United States Departments of Justice, the Interior, and the Treasury, for their review, comment, approval, and authorization, before finalizing and executing the agreement and dismissing the case

without prejudice.

Based on the foregoing, the parties respectfully request that the Court grant them an enlargement of time, to and including May 21, 2007, so that they can complete the tasks described above.

On the one hand, the Court's approval and adoption of the parties' joint proposal will not adversely or unduly prejudice the parties' rights and interests in this case. On the other hand, the rejection of the joint proposal will impede the parties' ability to develop, negotiate, submit for review and comment, and obtain approval and authorization of their proposed agreement regarding the preservation of Plaintiff's issues and claims and dismissal of this case without prejudice. Additionally, it will impede the parties' ability to proceed in accordance of principles of judicial efficiency and conservation of limited resources.

Respectfully submitted this 20th day of April, 2007,

MATTHEW McKEOWN
Acting Assistant Attorney General

*/s/ James C. McMillin,*
*by /s/ Anthony P. Hoang, pursuant to*
*authorization on April 20, 2007*
JAMES C. McMILLIN
MICHAEL D. McCLINTOCK
McAfee & Taft, P.C.
Two Leadership Square, 10th Floor
211 North Robinson
Oklahoma City, OK 73102
Tel: (405) 235-9621
Fax: (405) 235-0439

Attorneys for Plaintiff

*/s/ Anthony P. Hoang*
ANTHONY P. HOANG
MARTIN J. LALONDE
JENNIFER L. ALLAIRE
United States Department of Justice
Environment and Natural Resources Division
P.O. Box 663
Washington, D.C. 20044-0663
Tel: (202) 305-0241
Tel: (202) 305-0247
Tel: (202) 305-0456
Fax: (202) 353-2021

Attorneys for Defendant

OF COUNSEL:

THOMAS KEARNS
Office of the Solicitor
United States Department of the Interior
Washington, D.C.  20240

RACHEL HOWARD
Office of the Chief Counsel
Financial Management Service
United States Department of the Treasury
Washington, D.C.  20227

**CERTIFICATE OF SERVICE**

I hereby certify that, on April 20, 2007, I electronically transmitted the foregoing document to the Clerk of the Court, using the ECF system for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

    James C. McMillin
    james.mcmillin@mcafeetaft.com

    Michael D. McClintock
    michael.mcclintock@mcafeetaft.com

    Attorneys for Plaintiff

                                        */s/ Anthony P. Hoang*
                                        ANTHONY P. HOANG