IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED KEETOWAH BAND OF CHEROKEE INDIANS IN OKLAHOMA,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES OF AMERICA, et al.,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>) Case No. 06-cv-00559-RAW<br>)<br>)<br>)<br>)<br>)<br>) |

**JOINT MOTION FOR ADMINISTRATIVE CLOSURE OF THIS CASE, AND [PROPOSED] ORDER**

Pursuant to Rule 41.1 of the Local Civil Rules (LCvR), Plaintiff and Defendants (the parties herein) jointly and respectfully make the following motion for an order administratively closing this case for a period of 90 days, or to and including August 20, 2007. This motion is the parties' first such motion.

As explained below, the parties make this request for administrative closure so that they can continue their review of the factual and legal bases of the breach-of-trust claims presented by Plaintiff in this case; they can undertake discussions about the feasibility of Plaintiff's claims and Defendants' defenses and of settlement herein; they can await the outcomes or dispositions of other cases or matters that may have an influence or effect on the outcome or disposition of this case; and they can complete their research and discussions about the possibility of negotiating and executing an agreement that would toll any applicable statutes of limitations on the date of the filing of this lawsuit, which would enable Plaintiff to dismiss this case without prejudice. The parties propose that, in the event that they determine that they cannot settle Plaintiff's claims during the period of administrative closure, the parties petition the Court to terminate the administrative closure and

reinstate the litigation of this case, pursuant to a scheduling order that they will submit to the Court at that time.

As the parties previously informed the Court, counsel for the parties conferred after Plaintiff filed this case on December 29, 2006, and they agreed that it would be in the parties' best interests to resolve Plaintiff's issues and claims herein without protracted litigation, and that the parties should undertake a process to attempt such an alternative resolution. For those reasons, the parties jointly requested a temporary stay of litigation, which the Court denied. At the status and scheduling conference on March 14, 2007, among other things, the Court stated its preference for resolving this case without undue delay and instructed counsel for the parties to confer and make a proposal to the Court about how best to proceed with the case.

On April 21, 2007, the parties requested an enlargement of time, so that they could continue their discussions about the various options regarding this case. The Court granted the parties' request on April 23, 2007. Since that time, the parties have been and continue to be engaging in discussions about possible ways for resolving this case. Based on those discussions, the parties are making this joint request for administrative closure of the case. The grounds for their request are as follows:

1.    Plaintiff filed this case in order to preserve its trust accounting issues and claims against the effects of the expiration of a statute of limitations on December 31, 2006.

2.    The parties continue to believe that it would be in their best interests to address and possibly resolve all of Plaintiff's issues and claims herein through a settlement or alternative dispute resolution (ADR) process.

3.    The parties continue to believe that such an approach would serve the interests of

judicial efficiency and economy and conserve the parties' limited resources.

4.     The parties need more time to complete their requisite discussions and determinations about the feasibility of settlement or ADR in this case. In order to determine whether settlement or ADR would be viable, the parties have to review and determine the factual and legal merits of Plaintiff's claims and Defendants' defenses thereto. Jurisdictional issues are among those subject to the parties' review and determination.

5.     Also, the parties need more time to complete the necessary research, analysis, and discussions about the viability of entering into an agreement that would dismiss this case without prejudice; preserve the parties' factual and legal positions as of December 29, 2006; allow appropriate time and opportunity to the parties to undertake the necessary settlement or ADR discussions; and enable Plaintiff to re-file its lawsuit at a later time, in the event that the parties' settlement or ADR discussions are fruitless. Depending on the complete results of the parties' research, analysis, and discussions, the parties need adequate time to negotiate the terms and conditions of such an agreement. Further, they need sufficient time to submit the complete agreement, in draft form, to the Chief of Plaintiff and to the appropriate officials at the United States Departments of Justice, the Interior, and the Treasury, for their review, comment, approval, and authorization, before finalizing and executing the agreement and dismissing the case without prejudice.

6.     Further, depending on the outcomes of the foregoing reviews and determinations, the parties need more time to evaluate the feasibility of other possible approaches, including the possible option of transferring the venue of this case.

7. According to Plaintiff, the outcome or disposition of the following cases or matters may have an impact or influence on the outcome or disposition of this case: <u>State of Oklahoma ex rel. Tim Kuykendall, District Attorney, District 21, Special Prosecutor v. United Keetoowah Band of Cherokee Indians in Oklahoma</u> ("Indians Lands Case"), Nos. 06-7033 and 06-7028 (10th Cir.), and <u>United Keetoowah Band of Cherokee Indians of Oklahoma v. United States v. Cherokee Nation</u> ("Arkansas Riverbed Case"), No. 06-5003 -5021 (Fed. Cir.).

8. Specifically, in the Indian Lands Case, the State of Oklahoma has asserted the right to a declaratory judgment that the land upon which Plaintiff's casino is located does not constitute "Indian lands" for gaming purposes. According to Plaintiff, a decision adverse to the State of Oklahoma could significantly strengthen Plaintiff's claim that it is entitled to hold "Indian lands" within the traditional Cherokee Nation Reservation.

9. In the Arkansas Riverbed Case, the Court of Appeals for the Federal Circuit recently found that the Cherokee Nation of Oklahoma was not a necessary party to Plaintiff's claim for compensation for extinguishment of its interest in such lands, as well as compensation for mismanagement of such lands by the United States. According to Plaintiff, should the trial court now determine that Plaintiff is entitled to compensation, it would materially enhance Plaintiff's arguments that it is entitled to an interest of certain lands currently held by the Department of Interior exclusively for the Cherokee Nation of Oklahoma.

10. The parties are mindful of and sensitive to the stated practice and desire of this Court to litigate or otherwise resolve cases without undue delay. They seek to balance the Court's practice and desire against their needs regarding the proper handling of this case, as well as their time and resource constraints. Specifically, the parties seek to address the Court's needs, accommodate their

interests in a correct and orderly handling or disposition of this case, and minimize any burdens on their already scarce time and resources. For those reasons, they are respectfully requesting that the Court issue an order closing this case administratively, thus removing it from the active case docket, for a period of 90 days. If the parties are unable to resolve Plaintiff's land- and trust accounting-related claims during that time period, the parties propose to request that the Court terminate the administrative closure, reinstate the litigation, and implement a proposed scheduling order that they will formulate and file with the Court.

11.   As the Court is aware, the Court is vested with the power to control the disposition of cases on its docket with economy of time and effort for itself, for the litigants, and for the counsel for the litigants. See Clinton v. Jones, 520 U.S. 681, 706 (1997) (citing Landis v. North American Co., 299 U.S. 248, 254 (1936)); United Steel Workers v. Oregon Steel Mills, Inc., 322 F.3d 1222, 1227 (10th Cir. 2003) (citing Landis, 299 U.S. at 254). Also, as the Court knows, the Local Civil Rules for the Eastern District of Oklahoma provides the Court with the authority to manage its docket through the administrative closure mechanism. Specifically, L.Cv.R. 41.1 permits the Court to "direct the Court Clerk to close a civil action administratively, subject to reopening for good cause."

12.   Administrative closure is simply a docket management tool for holding a case in abeyance pending ongoing developments. See Lehman v. Revolution Portfolio LLC, 166 F.3d 389, 392 (1st Cir. 1999) ("[a]dministrative closings comprise a familiar, albeit essentially ad hoc, way in which courts remove cases from their active files without making any final adjudication."); Penn West Assocs., Inc. v. Cohen, 371 F.3d 118, 128 (3d Cir. 2004); Dees v. Billy, 394 F.3d 1290, 1294 (9th Cir. 2005). Courts use the administrative closure mechanism to "shelve" pending but dormant

cases. <u>Lehman</u>, 166 F.3d at 392. <u>See</u> also <u>Crystal Clear Comm'ns, Inc. v. Southwestern Bel Tele. Co.</u>, 415 F.3d 1171, 1176 (10th Cir. 2005) (court contemplated continued litigation after completion of administrative proceedings); <u>Florida Ass'n for Retarded Citizens v. Bush</u>, 246 F.3d 1296, 1298 (11th Cir. 2001).

13.   The use of the administrative closure mechanism in management of a case is in keeping with accepted practice and may be employed for a variety of reasons. <u>See</u>, <u>e.g.</u>, <u>Crystal Clear</u>, 415 F.3d 1171 (10th Cir. 2005) (case administratively closed pending completion of administrative proceedings); <u>Cantrell v. Int'l. Brotherhood of Electrical Workers</u>, 69 F.3d 456 (10th Cir. 1995) (case administratively closed for parties to engage in settlement); <u>Grant v. Prudential Secs., Inc.</u>, No. CIV-91-1480, 1991 U.S. Dist. LEXIS 21092, *6-7 (W.D. Okla. Dec. 17, 1991) (administratively close case for arbitration); <u>UnitedGlobalCom, Inc. v. McRann</u>, No. 01-cv-02354, 2007 U.S. Dist. LEXIS 20962 (D. Colo. Mar. 23, 2007).

Based on the foregoing, the parties respectfully request that the Court issue an order administratively closing this case for a period of 90 days, or to and including August 20, 2007. If the parties cannot resolve the case through settlement or ADR or otherwise dismiss the case in that time, the parties will submit to the Court a proposed scheduling order for the litigation of the case.

The Court's granting of this joint motion will not adversely or unduly prejudice the parties' rights and interests in this case. The rejection of the joint motion will impede, however, the parties' ability to resolve or otherwise dispose of this case without the need for extended litigation. and dismissal of this case without prejudice. Additionally, it will impede the parties' ability to proceed in accordance of principles of judicial efficiency and conservation of limited resources.

Respectfully submitted this 21st day of May, 2007,

| | MATTHEW McKEOWN |
| --- | --- |
| | Acting Assistant Attorney General |
| */s/ James C. McMillin,* | |
| *by /s/ Anthony P. Hoang, pursuant to* | |
| *written authorization on May 21, 2007* | */s/ Anthony P. Hoang* |
| JAMES C. McMILLIN | ANTHONY P. HOANG |
| MICHAEL D. McCLINTOCK | MARTIN J. LALONDE |
| McAfee & Taft, P.C. | JENNIFER L. ALLAIRE |
| Two Leadership Square, 10th Floor | United States Department of Justice |
| 211 North Robinson | Environment and Natural Resources Division |
| Oklahoma City, OK 73102 | P.O. Box 663 |
| Tel: (405) 235-9621 | Washington, D.C. 20044-0663 |
| Fax: (405) 235-0439 | Tel: (202) 305-0241 |
| | Tel: (202) 305-0247 |
| Attorneys for Plaintiff | Tel: (202) 305-0456 |
| | Fax: (202) 353-2021 |
| | |
| | Attorneys for Defendant |
| | |
| | OF COUNSEL: |
| | |
| | THOMAS BARTMAN |
| | Office of the Solicitor |
| | United States Department of the Interior |
| | Washington, D.C. 20240 |
| | |
| | RACHEL HOWARD |
| | Office of the Chief Counsel |
| | Financial Management Service |
| | United States Department of the Treasury |
| | Washington, D.C. 20227 |

**CERTIFICATE OF SERVICE**

I hereby certify that, on May 21, 2007, I electronically transmitted the foregoing document to the Clerk of the Court, using the ECF system for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

James C. McMillin
james.mcmillin@mcafeetaft.com

Michael D. McClintock
michael.mcclintock@mcafeetaft.com

Attorneys for Plaintiff

> */s/ Anthony P. Hoang*
> ANTHONY P. HOANG

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED KEETOWAH BAND OF CHEROKEE INDIANS IN OKLAHOMA,<br><br>    Plaintiff,<br><br>    v.<br><br>THE UNITED STATES OF AMERICA, et al.,<br><br>    Defendants. | Case No. 06-cv-00559-RAW |

**[PROPOSED] ORDER**

This matter is before the Court on the parties' joint motion under Rule 41.1 of the Local Civil Rules for an order administratively closing this case for a period of 90 days or to and including August 20, 2007. Upon consideration of the joint motion and for good cause shown, it is hereby ordered that

    1.    The parties' joint motion should be and hereby is GRANTED;

    2.    This case shall be administratively closed for 90 days or to and including August 20, 2007;

    3.    During that period, if the parties determine that it is appropriate to do so, the parties may petition the Court to terminate the administrative closure and reinstate the litigation. In that event, the parties shall submit to the Court a proposed scheduling order for the litigation of the case.

    SO ORDERED.

Date: _____    _____
                                                        HON. RONALD A. WHITE
                                                        United States District Court