IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED KEETOOWAH BAND OF CHEROKEE INDIANS IN OKLAHOMA, <br><br>  Plaintiff, <br><br> v. <br><br> THE UNITED STATES OF AMERICA, et al., <br><br>  Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) )   Case No. 06-cv-00559-RAW |

## JOINT STATUS REPORT

Plaintiff and Defendants (collectively referred to herein as the "Parties"), by and through their respective counsel, hereby submit the following Joint Status Report:

1. On June 4, 2007, the Court issued an order granting the parties' joint motion for administrative closure of this case and stating, in relevant part, that "[i]n accordance with Local Civil Rule 41.1, this case is hereby administratively closed." Docket No. (Dkt. No.) 23.

2. The parties continue to believe that it would be in the parties' best interests, as well as the interests of judicial efficiency and economy and conservation of scarce resources, to settle or otherwise resolve Plaintiff's issues and claims in this case, without protracted litigation. To that end, in the past several months, counsel for the parties have continued their review of the factual and legal bases (including jurisdictional bases) of the breach-of-trust claims presented by Plaintiff in this case. As part of their review, the parties are evaluating the viability of settlement or an alternative dispute resolution (ADR) process in this case.

3. Additionally, counsel for Plaintiff has continued his review and monitoring of the developments in other cases brought by Plaintiff before other courts, which may have an impact or

influence on the outcome or disposition of this case: <u>State of Oklahoma ex rel. Tim Kuykendall, District Attorney, District 21, Special Prosecutor v. United Keetoowah Band of Cherokee Indians in Oklahoma</u> ("Indians Lands Case"), Nos. 06-7033 and 06-7028 (10th Cir.), and <u>United Keetoowah Band of Cherokee Indians of Oklahoma v. United States v. Cherokee Nation</u> ("Arkansas Riverbed Case"), No. 06-5003 -5021 (Fed. Cir.).  In the Indian Lands Case, the State of Oklahoma has asserted the right to a declaratory judgment that the land upon which Plaintiff's casino is located does not constitute "Indian lands" for gaming purposes.  According to Plaintiff, a decision adverse to the State of Oklahoma could significantly strengthen Plaintiff's claim that it is entitled to hold "Indian lands" within the traditional Cherokee Nation Reservation.  As to the Arkansas Riverbed Case, the Court of Appeals for the Federal Circuit recently found that the Cherokee Nation of Oklahoma was not a necessary party to Plaintiff's claim for compensation for extinguishment of its interest in such lands, as well as compensation for mismanagement of such lands by the United States.  According to Plaintiff, should the trial court now determine that Plaintiff is entitled to compensation, it would materially enhance Plaintiff's arguments that it is entitled to an interest of certain lands currently held by the Department of Interior exclusively for the Cherokee Nation of Oklahoma.  According to Plaintiff's counsel, based on his review and monitoring, there have been no events or activities, in the past several months, in either of these cases that have an impact or influence on the outcome or disposition herein.

4.      Also, in the view of Defendants' counsel, two other cases filed by Plaintiff in the United States Court of Federal Claims (CFC), <u>United Keetoowah Band of Cherokee Indians in Oklahoma v. United States</u>, No. 03-1433 L, and <u>United Keetoowah Band of Cherokee Indians in Oklahoma v. United States</u>, No. 06-936 L (Fed. Cl.), may affect the outcome or disposition in this case.  In the two CFC cases, as well as this one, the common threshold issue is whether Plaintiff is

a "successor-in-interest" to the Cherokee Nation of Oklahoma. This threshold issue is being addressed in the settlement discussions that have been and continue to be under way in <u>United Keetowah Band</u>, No. 03-1433 (Fed. Cl.). If the parties are unable to reach settlement in <u>United Keetowah Band</u>, No. 03-1433, they will have to litigate the issue, among others, in that case. The outcome or disposition of the case, regardless of settlement or litigation and judgment, is likely to have an effect herein.

5. Further, counsel for the parties have continued researching the possibility of negotiating and executing an agreement regarding the tolling of any applicable statutes of limitations on the date of the filing of this lawsuit, so that they can complete their discussions about the issue. If possible, such an agreement would enable Plaintiff to dismiss this lawsuit without prejudice.[1]

6. The parties plan that, in the event that they determine that they cannot settle, otherwise resolve Plaintiff's claims, or dispose of the litigation during the administrative closure of this case, they will petition the Court to terminate the administrative closure and reinstate the litigation of this case, pursuant to a scheduling order that they will submit to the Court at that time.

7. Counsel for the parties conferred about the status of the foregoing on August 16, 2007, and they agreed that the current administrative closure of this case should be continued, so as to enable the furtherance or advancement of their reviews, monitoring, discussions, and other activities. Depending on the outcomes of the items mentioned above, the parties may need to evaluate the feasibility of other possible approaches, including the possible option of transferring the venue of this case. Accordingly, the parties propose to file another joint report on or before December 18, 2007, about the status of events, activities, and discussions in, involving, or relating

---

[1] Plaintiff filed this case in order to preserve its trust accounting issues and claims against the effects of the expiration of a statute of limitations on December 31, 2006.

to Plaintiff's issues and claims in this case.

     Respectfully submitted this 17th day of August, 2007,

|  |  |
|---|---|
|  | RONALD TENPAS<br>Acting Assistant Attorney General |
| */s/ James C. McMillin,*<br>*by /s/ Anthony P. Hoang, pursuant to*<br>*<u>written authorization on August 17, 2007</u>*<br>JAMES C. McMILLIN<br>MICHAEL D. McCLINTOCK<br>McAfee & Taft, P.C.<br>Two Leadership Square, 10th Floor<br>211 North Robinson<br>Oklahoma City, OK 73102<br>Tel: (405) 235-9621<br>Fax: (405) 235-0439<br><br>Attorneys for Plaintiff | */s/ James M. Upton*<br>ANTHONY P. HOANG<br>JAMES M. UPTON<br>United States Department of Justice<br>Environment and Natural Resources Division<br>Natural Resources Section<br>P.O. Box 663<br>Washington, D.C. 20044-0663<br>Tel: (202) 305-0241<br>Tel: (202) 305-0482<br>Fax: (202) 353-2021<br><br>Attorneys for Defendant<br><br>OF COUNSEL:<br><br>ELISABETH C. BRANDON<br>THOMAS BARTMAN<br>Office of the Solicitor<br>United States Department of the Interior<br>Washington, D.C. 20240<br><br>RACHEL HOWARD<br>Office of the Chief Counsel<br>Financial Management Service<br>United States Department of the Treasury<br>Washington, D.C. 20227 |

**CERTIFICATE OF SERVICE**

I hereby certify that, on August 17, 2007, I electronically transmitted the foregoing document to the Clerk of the Court, using the ECF system for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

> James C. McMillin
> james.mcmillin@mcafeetaft.com
>
> Michael D. McClintock
> michael.mcclintock@mcafeetaft.com
>
> Attorneys for Plaintiff

*/s/ Anthony P. Hoang*
ANTHONY P. HOANG