**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| United Keetoowah Band of Cherokee Indians in Oklahoma,<br><br>    Plaintiff,<br><br>v.<br><br>The United States of America, et al.,<br><br>    Defendants. | Case No. 06-CIV-559-RAW |

**ORDER**

Before the Court is the Joint Status Report filed by the parties on August 17, 2007 [Docket No. 25].  On June 4, 2007, this Court entered an order granting a Joint Motion to Administratively Close the case [Docket No. 23].*

At the Status and Scheduling Conference held on March 14, 2007, the Court discussed with counsel the possibility of the parties entering an agreement to waive the statute of limitations and dismiss this case without prejudice.  Such an agreement would seem, at first blush, to be a logical short term solution to a lawsuit that everyone agrees was filed solely to avoid statute of limitations problems.  The parties were to submit a proposal to the Court a week later, on April 20, 2007.

The parties timely filed their Joint Status Report on April 20, 2007 [Docket No. 20].  That report stated as follows:

> 5. The parties have discussed the various possible immediate next steps that they can and should take in the case.  Currently, they are focusing their efforts on exploring the possibility of entering into an agreement that would dismiss this case without prejudice; preserve Plaintiff's issues and claims; allow appropriate time and opportunity

---

* A nearly identical order to this one is being entered concurrently in a companion case, Alabama-Quassarte Tribal Town v. United States of America, et al., Case No. 06-CIV-558-RAW.

> to the parties to undertake the necessary settlement or ADR
> discussions; and enable Plaintiff to re-file its lawsuit at a later time,
> in the event that the parties' settlement or ADR discussions are
> fruitless.

> 6. The parties need sufficient time to complete the requisite research
> and negotiate the terms and conditions of such an preservation
> agreement.

The Court then stayed the case until May 21, 2007. [Docket No. 21].

On May 21, 2007, the parties then filed a Joint Motion for Administrative Closure of the

Case [Docket No. 22].  In that motion, the parties informed the Court as follows:

> The parties requested the Court administratively close the case so that
> "they can complete their research and discussions about the
> possibility of negotiating and executing an agreement that would toll
> any applicable statutes of limitations on the date of the filing of this
> lawsuit, which would enable Plaintiff to dismiss this case without
> prejudice."

Additionally, on May 21, 2007, the parties stated:

> 5. Also, the parties need more time to complete the necessary
> research, analysis, and discussions about the viability of entering into
> an agreement that would dismiss this case without prejudice; preserve
> the parties' factual and legal positions as of December 29, 2006;
> allow appropriate time and opportunity to the parties to undertake the
> necessary settlement or ADR discussions; and enable Plaintiff to re-
> file its lawsuit at a later time, in the event that the parties' settlement
> or ADR discussions are fruitless.

Now, finally on August 17, 2007, the parties inform the Court of the status of their work:

> 5.  Further, counsel for the parties have continued researching the
> possibility of negotiating and executing an agreement regarding the
> tolling of any applicable statutes of limitations on the date of the
> filing of this lawsuit, so that they can complete their discussions
> about the issue. If possible, such an agreement would enable Plaintiff
> to dismiss this lawsuit without prejudice.

On March 14, 2007, the Court first raised the issue of the parties entering into an agreement to preserve the statute of limitations and to dismiss this case without prejudice.  Now five months later, the parties are still continuing to research the possibility of such an agreement and describing their efforts in mind-numbing prose.  Frankly, the Court finds this ludicrous.  Perhaps this is simply bureaucratese for: "No progress made or contemplated."  Or perhaps, the parties never seriously considered such an agreement in the first place, believing the Court's idea to be so much pounded pigeon poop.

The Court orders the parties to file a Supplemental Joint Status Report no later than August 31, 2007 specifically as to the issue of preserving the statute of limitations.  The Court orders the parties to specifically inform the Court as to the specific stage of this issue, i.e., has the research been completed, has a proposal been formally submitted from one counsel to another, has an agreement been submitted to the governing body and Chief of the Tribe, and to the appropriate federal officials?

The Court will inform the parties that if it determines that this matter is not being diligently pursued, the Court will consider reopening this case, and then setting the specific issue of preserving the statute of limitations for settlement conference.  If such a settlement conference is necessary, the appropriate representatives of each party will be required to attend, i.e., those with full settlement authority.  If the parties are at an impasse on this issue, they should so inform and explain that impasse to the Court in their upcoming Joint Status Report.  The matter can then be set for settlement conference in the near future.

**The parties are ordered to file a Supplemental Joint Status Report as detailed above no later than August 31, 2007.**

Dated this 22nd day of August, 2007.


**Dated this 22nd Day of August 2007.**

J4h4i0

Ronald A. White
United States District Judge
Eastern District of Oklahoma