IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED KEETOWAH BAND OF   ) CHEROKEE INDIANS IN OKLAHOMA,  ) )<br><br>     Plaintiff,         ) )<br>     v.              ) )<br>THE UNITED STATES OF AMERICA,  ) et al.,                ) )<br>     Defendants.    ) _____) | Case No. 06-cv-00559-RAW |

**SUPPLEMENTAL JOINT STATUS REPORT**

Plaintiff United Keetowah Band of Cherokee Indians and Defendants United States, Dirk Kempthorne, Secretary of the Interior, and Henry M. Paulson, Jr., Secretary of the Treasury, (collectively referred to herein as the "Parties"), by and through their respective counsel, hereby submit the following Supplemental Joint Status Report.

On August 17, 2007, the Parties filed a Joint Status Report (Dkt. No. 25). On August 22, 2007, the Court issued an Order (Dkt. No. 26) directing the Parties to file a Supplemental Joint Status Report by August 31, 2007. The Court stated that the Supplemental Joint Status Report should be focused on the "issue of preserving the statute of limitations." *Id.*, at 3. The Court directed the Parties "to specifically inform the Court as to the specific stage of this issue, *i.e.*, has the research been completed, has a proposal been formally submitted from one counsel to another, has an agreement been submitted to the governing body and Chief of the Tribe, and to the appropriate federal officials?" *Id*.

On August 27, 2007, counsel for the Parties conferred regarding the supplemental joint status report, the status of their research efforts regarding the statute of limitations, and the

possibility of an agreement to toll the statute of limitations or preserve the filing of Plaintiff's claims. At the conclusion of the call, counsel made plans to undertake further research and have additional discussions regarding such an agreement.

On August 29, 2007, counsel for the Parties conducted a follow-up telephone conference call regarding the status of their research efforts and the possibility of a claim preservation or tolling agreement. Counsel conferred and agreed that, based on their research, any agreement to toll or preserve the statute in this case would not be enforceable. *See, e.g., City of Moses Lake v. United States*, 451 F. Supp. 2d 1233, 1246-47 (E.D. Wash. 2005) (the tolling agreement executed by the plaintiff and the United States "is of no consequence" and did not save the plaintiff's claims from later dismissal). Accordingly, counsel for the Parties agreed that a tolling agreement in this case would not offer adequate assurance that, if Plaintiff dismisses this case at this point, it would be able to pursue its claims at a later time, if necessary. *Id*. (finding that a tolling agreement between the plaintiff and the United States to be unenforceable and thereby permitting the assertion of the statute of limitations as a defense).

In addition, counsel for the Parties concluded that Defendants lack the requisite authority to enter into tolling agreements in cases governed by 28 U.S.C. § 2401 or 28 U.S.C. § 2501, because both of these statute of limitations provisions are jurisdictional. *See, e.g.*, *Admiral Fin. Corp. v. United States*, 51 Fed. Cl. 366, 368 (Fed. Cl. 2002) ("The Attorney General has no more authority than does the Court to alter the terms of the statutory waiver of sovereign immunity contained within Section 2501."); *First Annapolis Bancorp, Inc. v. United States*, 54 Fed. Cl. 529, 540 (2002) ("[A] tolling agreement entered into by the FDIC and the DOJ cannot expand the court's jurisdiction by altering the time limitations set out in 28 U.S.C. § 2501.").

Given the foregoing and as stated in the Parties' Joint Status Report of August 17, 2007 (Dkt. No. 25), the Parties continue to believe that it would be beneficial to settle or otherwise resolve Plaintiff's claims, without protracted litigation, if at all possible, and that it would be in the parties' collective best interests, as well as in the interests of judicial efficiency and economy, for the Parties to await the outcomes or dispositions of the following cases, which may have an impact or influence on the outcome or disposition of this case: State of Oklahoma ex rel. Tim Kuykendall, District Attorney, District 21, Special Prosecutor v. United Keetoowah Band of Cherokee Indians in Oklahoma ("Indians Lands Case"), Nos. 06-7033 and 06-7028 (10th Cir.); and United Keetoowah Band of Cherokee Indians in Oklahoma v. United States, No. 03-1433 L (Fed. Cl.).  *See* Dkt. No. 25, ¶¶ 3-4.  The results of these foregoing cases would enable the Parties to determine whether and how to devote their time, effort, and limited resources to the exploration and determination of the possibility of settlement or informal resolution of Plaintiff's claims in this case.  *Id.*  In the event that the Parties are unable to settle or resolve informally Plaintiff's claims, the Parties will consider other options, including, but not limited to, a request that the Court terminate the administrative closure and reinstate the litigation.  For these reasons, the Parties respectfully request that the administrative closure of this matter be continued to, and including, December 18, 2007.

Respectfully submitted this 31st day of August, 2007.

*/s/ James C. McMillin by /s/*
*James M. Upton, pursuant to written*
*authorization  on August 31, 2007*

_____
JAMES C. McMILLIN
MICHAEL D. McCLINTOCK
McAfee & Taft, P.C.
Two Leadership Square, 10th Floor
211 North Robinson
Oklahoma City, OK 73102
Tel: (405) 235-9621
Fax: (405) 235-0439


Attorneys for Plaintiff

RONALD J. TENPAS
Acting Assistant Attorney General

 */s/ James M. Upton*            
ANTHONY P. HOANG
JAMES M. UPTON
United States Department of Justice
Environment and Natural Resources Division
P.O. Box 663
Washington, D.C.  20044-0663
Tel: (202) 305-0241
Tel: (202) 305-0482
Fax: (202) 353-2021

Attorneys for Defendants

OF COUNSEL:

ELISABETH BRANDON
THOMAS BARTMAN
Office of the Solicitor
United States Department of the Interior
Washington, D.C.  20240

TERESA E. DAWSON
Office of the Chief Counsel
Financial Management Service
United States Department of the Treasury
Washington, D.C.  20227

## CERTIFICATE OF SERVICE

I hereby certify that, on August 31, 2007, I electronically transmitted the foregoing document

to the Clerk of the Court, using the ECF system for filing and transmittal of a Notice of Electronic

Filing to the following ECF registrants:

James C. McMillin
james.mcmillin@mcafeetaft.com

Michael D. McClintock
michael.mcclintock@mcafeetaft.com

Attorneys for Plaintiff


*/s/ James M. Upton*_____
James M. Upton