IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED KEETOOWAH BAND OF CHEROKEE INDIANS IN OKLAHOMA | ) ) ) | |
| Plaintiff, | ) ) | Case No. CIV-06-559-RAW |
| v. | ) ) ) | |
| THE UNITED STATES OF AMERICA, et al., | ) ) ) | |
| Defendants. | | |

**JOINT STATUS REPORT**

JURY DEMANDED: _____ Yes __X__ No

I.  Summary of Claims:

   This is an action for declaratory and injunctive relief brought by the United Keetoowah Band of Cherokee Indians in Oklahoma against the United States of America, which served as trustee (pursuant to applicable laws) for certain monies, lands and other assets belonging to the United Keetoowah Band of Cherokee Indians in Oklahoma, and against the Secretary of Interior and Secretary of the Treasury acting in their official capacities as trustee-delegates of the United States.

II. Summary of Defenses:

   Depending upon information obtained from its review of relevant records (in United Keetoowah Band of Cherokee Indians of Oklahoma v. United States, No. 03-1433 (Ct. Fed. Cl.)) and information obtained by informal discovery in the cited case, Defendants intend to assert one or more of the following defenses:

   1.  The Court lacks jurisdiction because of the failure of plaintiff to join an indispensable party, the Cherokee Nation of Oklahoma.

   2.  The Court lacks jurisdiction because plaintiff has not exhausted its administrative remedies.

   3.  Plaintiff asserts claims that are barred, in whole or in part, by the Statute of Limitations, 28 U.S.C. § 2401.

    4.    To the extent that Plaintiff asserts claims that existed on or before August 13, 1946, those claims are barred by the Indian Claims Commission Act of August 13, 1946, 60 Stat. 1049, as amended (formerly 25 U.S.C. §§ 70a, *et seq.*).

    5.    Plaintiff asserts claims that are barred, in whole or in part, by the doctrines of laches, equitable estoppel, waiver and consent, and other equitable defenses.

    6.    To the extent that Plaintiff asserts claim that it or its privies or predecessors in interest asserted or could have asserted in a prior adjudication in which a Court or tribunal of competent jurisdiction entered a final judgment, those claims are barred in whole or in part by the doctrines of res judicata and/or collateral estoppel.

    7.    Plaintiff asserts certain claims over which this Court lacks jurisdiction.

    8.    Plaintiff asserts claims that are barred, in whole or in part, by sovereign immunity.

    9.    In a number of instances, the plaintiff has failed to state a claim upon which relief may be granted.

III.    <u>Motions Pending</u>:

None

IV.    <u>Stipulations:</u>

    A.    <u>Jurisdiction:</u>

Plaintiff admits that the Court has jurisdiction.

Defendants do not admit that the Court has jurisdiction for multiple reasons: (1) Plaintiff's failure to join an indispensable party; (2) the bar of the statute of limitations (28 U.S.C. § 2401); (3) failure to exhaust administrative remedies; (4) the bar of claim preclusion and the bar of issue preclusion; and (5) the bar of the Indian Claims Commission Act (Pub. L. No. 79-926, ch. 959, Act of August 13, 1946, 60 Stat. 1049, 1050) to the extent that any claims presented in the instant case may have accrued on or before August 13, 1946.

    B.    <u>Venue</u> <u>appropriate</u>:

Plaintiff anticipates filing a motion to transfer this case to federal district for the District of Columbia.

        Defendants do not take a position on such a transfer at this juncture.

C. <u>Facts</u>:

    1. It is the Plaintiff's position that the following are the facts that should be stipulated to:

        a. The United Keetoowah Band of Cherokee Indians in Oklahoma is a sovereign Indian tribe based in Tahlequah, Oklahoma, acknowledged by the United States as an Indian tribe, with all the legal rights and responsibilities of a federally recognized tribe.

        b. The United States acts as trustee for certain monies, lands and other assets rightfully belonging to the United Keetoowah Band of Cherokee Indians in Oklahoma.

        c. The United States delegated certain of its trust responsibilities over such assets to the Secretary of Interior, who is charged by law with carrying out certain duties and responsibilities of the United States as trustee for the United Keetoowah Band of Cherokee Indians in Oklahoma.

        d. The United States delegated certain of its trust responsibilities to the Secretary of the Treasury, who, in that capacity, is custodian of funds held in trust for the Keetoowah Cherokees and has trust responsibilities with regard to the administration of such funds as well as the preparation and maintenance of records in connection with those funds.

        e. In an 1828 treaty with the United Keetoowah Band of Cherokee Indians in Oklahoma, the United States agreed to hold land in trust for the benefit of the whole Cherokee people.

        f. In an 1846 treaty, the 1828 treaty relationship between the United Keetoowah Band of Cherokee Indians in Oklahoma and the United States was reaffirmed agreeing that lands would be held for the benefit of the whole Cherokee people.

        g. As a trustee, the United States owes fiduciary duties including but not limited to providing periodic, timely accountings of tribal trust funds and the duty to cause an annual audit of all tribal trust funds to be conducted.

    2. Defendants do not stipulate to the foregoing facts. Until Defendants have

        had an adequate opportunity to review the documents recently obtained from the American Indian Records Repository in Lenexa, Kansas, and other informal discovery obtained in <u>United Keetoowah Band of Cherokee Indians of Oklahoma v. United States</u>, No. 03-1433, (Ct. Fed. Cl.), they are not in a position to know whether they can stipulate to any of the above alleged facts.

   D.   <u>Law</u>:

      1.   It is the Plaintiff's position that following is the law that should be stipulated to:

        The Treaties of 1828 and 1846 entered into between the United States and the United Keetoowah Band of Cherokee Indians in Oklahoma in 1828 and 1846; 25 U.S.C. §§ 4011 and 162a(d); Acts of Dec. 22, 1987, Pub. L. No. 100-202; 101 Stat. 1329; Oct. 23, 1989, Pub. L. No. 101-121, 103 Stat. 701; Nov. 5, 1990, Pub. L. No. 101-512, 104 Stat. 1915, and Nov. 3, 1991, Pub. L. No. 102-154, 105 Stat. 990; Act of Nov. 5, 1990, Pub. L. No. 101-512, 104 Stat. 1915; Act of Nov. 13, 1991, Pub. L. No. 102-154, 105 Stat. 990; Act of Oct. 5, 1992, Pub. L. No. 102-381, 106 Stat. 1374; Act of Nov. 11, 1993; Pub. L. No. 103-138, 107 Stat. 1379; Act of Sept. 30, 1994, Pub. L. No. 103-332, 108 Stat. 2499; Act of Apr. 26, 1996, Pub. L. No. 104-134, 110 Stat. 1321; Act of Sept. 30, 1996, Pub. L. No. 104-208, 110 Stat. 3009; Act of Nov. 14, 1997, Pub. L. No. 105-83, 111 Stat. 1543; Act of Oct. 21, 1998, Pub. L. No. 105-227, 112 Stat. 2681; Act of Nov. 29, 1999, Pub. L. No. 106-113, 113 Stat. 1501; Act of Oct. 11, 2000, Pub. L. No. 106-291, 114 Stat. 922; Act of Nov. 5, 2001, Pub. L. No. 107-63, 115 Stat. 414; and Act of Feb. 2003, Pub. L. No. 108-17, 117 Stat. 11 provide the applicable law.

      2.   Defendants are unable to make any stipulations of law at this time.

V.   <u>Proposed Deadlines</u>:

   A.   Parties to be added by: May 15, 2008.

   B.   Proposed discovery cutoff date: March 1, 2009.

   C.   Case ready for trial (month/year): Not applicable.

   D.   Anticipated number of trial days (excluding jury selection): Not applicable.

VI.    Fed. R. Civ. P. 26(f) Discovery Plan

    A.    Have initial disclosures under Rule 26(a)(1) been *exchanged and filed*? If not, please explain why.

        Rule 26(a)(1) disclosures have not been exchanged and filed pursuant to the exemptions for said disclosures found in Rule 26(a)(E)(I) "an action for review on an administrative record."

    B.    If applicable, have disclosures pursuant to Fed. R. Civ. P. 7.1 been filed? If not, please explain why.

        This rule is not applicable because no corporations are party to this suit.

    C.    Should discovery be conducted in phases and/or should discovery be limited at this time to particular subject matters or issues?

        1.    It is anticipated by the United Keetoowah Band of Cherokee Indians in Oklahoma that discovery will be necessary to supplement the administrative record.

        2.    Defendants are unable to take a position at this time about the appropriateness of discovery, especially discovery to supplement the administrative record, until the Court has ruled upon Defendants' dispositive motion(s). Defendants would note, however, that Plaintiff has invoked the Court's jurisdiction under the Administrative Procedure Act (APA), 5 U.S.C. §§ 500-706, see Complaint, Doc. 2, 4, and that discovery is generally disallowed in such administrative record review cases.

    D.    Should any changes be made in the limitations on discovery imposed by the Federal Rules of Civil Procedure or the Court's local rules?

        1.    Plaintiff believes that, due to the unique nature and volume of information, the range of time involved, and the potential lack of uniform recording, discovery should remain mutable as justice and judicial economy dictate.

        2.    Defendants are unable to take a position at this time about whether changes should be made in the discovery limitations imposed by the Federal Rules of Civil Procedure or local rules in this particular case. Defendants would note, however, that Plaintiff has invoked the Court's jurisdiction under the Administrative Procedure Act (APA), 5 U.S.C. §§ 500-706, see Complaint, Doc. 2, 4, and that discovery is generally disallowed in such administrative record review cases.

    E.    Proposed Number of fact and expert depositions

        1.    To be allowed for Plaintiff?

        Discovery must be conducted to ascertain the information required to provide an answer to the above question.

        2.    To be allowed for Defendant?

        Defendants cannot estimate the proposed number of fact and expert depositions until after (1) Plaintiff has stated its claims with much greater specificity; (2) Defendants have filed a dispositive motions (or motions), and the Court has ruled thereupon; and (3) Defendants have thereafter had an opportunity to determine what kind of expert witnesses, if any, to retain and to identify specific fact witnesses. Defendants would note, however, that Plaintiff has invoked the Court's jurisdiction under the Administrative Procedure Act (APA), 5 U.S.C. §§ 500-706, see Complaint, Doc. 2, 4, and that discovery is generally disallowed in such administrative record review cases.

    F.    Is there a need for any other special discovery management orders by the Court?

        1.    Plaintiff takes the position that discovery must be conducted to ascertain the information required to provide an answer to the above question.

        2.    Defendants are unable to take a position at this time about the need for any other special discovery management orders in this particular case. Defendants would note, however, that Plaintiff has invoked the Court's jurisdiction under the Administrative Procedure Act (APA), 5 U.S.C. §§ 500-706, see Complaint, Doc. 2, 4, and that discovery is generally disallowed in administrative record review cases.

VII.    Are Dispositive Motions Anticipated? If so, describe them.

The parties anticipate briefing and filing motions for summary judgment, judgment on the pleadings, and/or dismissal. The parties may file cross-motions. More specifically, after the Plaintiff has identified its claims with much greater specificity, Defendants anticipate filing a motion to dismiss, or a motion for summary judgment addressed to the court's lack of subject matter jurisdiction and/or the assertion of certain claims which fail to state a claim upon which relief may be granted.

VIII.    Settlement Plan    **(Check one)**

    A.    __X__ Settlement Conference Requested after September 30, 2008.

      Describe settlement judge expertise required, if any:_____

  B. ____ Private Mediation Scheduled in_____

  C. ____ Other ADR **(Explain)**_____

  D. ____ ADR is not appropriate in this case **(Explain)**_____

IX. Does this case warrant special case management? If yes, explain why.

  No.

X. Do the parties request that the Court hold a scheduling conference?
  Yes ____ No  X

Respectfully submitted this 3rd day of March, 2008,

| | |
|---|---|
| | RONALD J. TENPAS |
| /s/ James C. McMillin | Acting Assistant Attorney General |
| by /s/ James M. Upton, pursuant to written | |
| authorization on March 3, 2008 | /s/ James M. Upton |
| JAMES C. MCMILLIN | JAMES M. UPTON |
| MICHAEL D. McCLINTOCK | ANTHONY P. HOANG |
| McAfee & Taft | United States Department of Justice |
| A Professional Corporation | Environment and Natural Resources Division |
| 10th Floor, Two Leadership Square | P.O. Box 663 |
| 211 North Robinson | Washington, D.C.  20044-0663 |
| Oklahoma City, OK 73102-7103 | Telephone:    (202) 305-0482 |
| Telephone:    (405) 235-9621 | Telephone:    (202) 305-0241 |
| Facsimile:     (405) 235-0439 | Facsimile:     (202) 353-2021 |
| | |
| Attorneys for Plaintiff | Attorneys for Defendants |
| | |
| | OF COUNSEL: |
| | |
| | ELISABETH BRANDON |
| | THOMAS BARTMAN |
| | Office of the Solicitor |
| | United States Department of the Interior |
| | Washington, D.C.  20240 |
| | |
| | TERESA E. DAWSON |
| | Office of the Chief Counsel |
| | Financial Management Service |
| | United States Department of the Treasury |
| | Washington, D.C.  20227 |

## CERTIFICATE OF SERVICE

I hereby certify that, on March 3, 2008, I electronically transmitted the foregoing document to the Clerk of the Court, using the ECF system for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

James C. McMillin
james.mcmillin@mcafeetaft.com

Michael D. McClintock
michael.mcclintock@mcafeetaft.com

Attorneys for Plaintiff

                                      */s/ James M. Upton*
                                      James M. Upton