IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **UNITED KEETOOWAH BAND OF CHEROKEE INDIANS IN OKLAHOMA,** ) ) ) | | |
| **Plaintiff,** ) ) | No. CIV- 06 - 559-RAW | |
| v. ) ) | | |
| **THE UNITED STATES OF AMERICA, et al.,** ) ) ) | | |
| **Defendants.** ) ) | | |

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION
TO TRANSFER THIS CASE PURSUANT TO 28 U.S.C. § 1404(a) AND
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**

On May 27, 2008, the Plaintiff filed a Motion to Transfer this lawsuit (pursuant to 28 U.S.C. § 1404(a)) to federal district court for the District of Columbia. Defendants oppose the transfer of this case for the reasons set forth below. Plaintiff's brief in supoport of its transfer motion is devoid of any persuasive reasons in favor of transfer and the transfer motion should be denied.

**Introduction**

On December 29, 2006, Plaintiff filed a Complaint in this court seeking declaratory and injunctive relief as to Defendants' management of Plaintiff's trust funds and non-monetary trust assets (that is, land and natural resources held in trust). Complaint, para. 1, Dkt. 1. On the same day, the Tribe filed a companion suit in the United States Court of Federal Claims making allegations virtually identical to those contained in the Complaint filed in this court and seeking an award of money damages. United Keetoowah Band of Cherokee Indians in Oklahoma v.

United States, No. 06-936 (Fed. Cl.), Dkt. 1.  Plaintiff's brief in support of its transfer motion is totally devoid of any persuasive reasons in favor of transfer and the transfer motion should be denied.

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' OPPOSITION

### I. This Court has Broad Discretion in Ruling on Motions to Transfer Venue.

It is well established in the United States Court of Appeals for theTenth Circuit that a federal district court has great discretion in adjudicating motions to transfer venue.  See Chrysler Credit Corp. v. Country Chrysler, Inc., 928 F.2d 1509, 1516 (10th Cir. 1991).  This discretion stems from a requisite "case-by-case review of convenience and fairness."  Id.  The party filing a transfer motion bears the burden of showing that the facts weigh heavily in favor of transfer. See KCJ Corp. v. Kinetic Concepts, Inc., 18 F. Supp. 2d 1212, 1214 (D. Kan. 1998).

### II. The Fact that the Instant Lawsuit Could Have Been Brought in the Transferee Court Does Not Dictate Grant of a Transfer Motion.

Plaintiff argues that the Court's "initial concern" - - that is, whether the lawsuit could have been filed originally in the transferee district - - is satisfied in the present situation.  This is because Defendants do not dispute that the UKB could have brought the instant lawsuit in federal district court for the District of Columbia.  However, meeting this initial concern is no more than a threshold matter.  Indeed, there are nine types of considerations which the Court must take into account in making its ruling.  See Chrysler Credit Corp. v. Country Chrysler, Inc., supra.  The first such consideration is "plaintiff's choice of forum."

### III. **Plaintiff's Choice of Forum is Entitled to Little or No Deference Here.**

Although a plaintiff's choice of forum should be given considerable deference and, thus, rarely be disturbed (Galvin v. McCarthy, 545 F. Supp. 2d 1176 (D. Colo. 2008)) where **the plaintiff** is moving for transfer, the plaintiff's choice of forum is entitled at most to **"reduced deference"** (emphasis added) ( as the Plaintiff argues), but, more accurately, to very little deference.  See James v. Daley and Lewis, 406 F. Supp. 645, 647 (D. Del. 1976) ( where a plaintiff, having chosen the initial forum and then moved for transfer,  failed to establish a change in circumstances which **had occurred after** the original suit had been filed, the motion for transfer was denied ); see also to the same effect: Harry Rich Corp. v. Curtiss-Wright Corp., 308 F. Supp. 1114, 1118 (S.D.N.Y. 1969); and Roberts Brothers, Inc. v. Kurtz Bros., 231 F. Supp. 163, 167 (D.N. J. 1964).[1/]

Defendants submit that the "changed circumstances test" should be applied here.  Unlike the factual circumstances in the cases discussed in footnote 1, there is a considerable nexus between the Plaintiff and its trust issues and claims and this Court which dictates that the case

---

[1/] It is true that some courts in other Circuits have not followed this rule.  See e. g., Central Hudson Gas & Elec. Corp. v. Empresa Naviera Santa S.A., 769 F. Supp. 208, 209 (E.D. La. 1991); and Lake City Stevedores, Inc.  v. S.S. Lumber Queen, 343 F. Supp. 933, 935 (S.D. Tex. 1972).  These cases can be distinguished from the instant case. In Central Hudson Gas & Elec. Corp., the court held it would not apply this rule because it was "not willing to proceed in a forum that is inconvenient for all and does not best serve the interests of justice . . .  However, the circumstances here refute any possible suggestion that the Eastern District of Oklahoma is "inconvenient for all." In Lake Cities Stevedores, the court noted that the only connection between the lawsuit and the original venue was that a ship owned by the defendants had been seized by the U.S. Marshall's Service in Galveston, Texas.  Here, there are significant connections between the Plaintiff  and the Eastern District of Oklahoma.

remain in this district.  Plaintiff, a federally recognized tribe, is headquartered in Tahlequah, Oklahoma (Complaint, para. 2) and the members of the Tribe reside in Oklahoma.  Given this nexus, this is a case where it is eminently reasonable to apply the "changed circumstances" test.  Aside from this nexus, the Plaintiff's motion to transfer itself offers an additional reason to apply this test.

Plaintiff's Motion to Transfer strongly suggests that Judge Robertson's Memorandum Order of December 19, 2007 in the 37 "similar Tribal trust cases" then pending before him (in the federal district court for the District of Columbia) somehow constitutes sufficient justification for granting transfer. (Copy of Memorandum Order is attached to Plaintiff's Motion).  Indeed, there is a colorable argument that the Plaintiff is **implicitly recognizing the existence of the "changed circumstances" test, and perhaps even its potential applicability to the Plaintiff.**  This seemingly implicit recognition of the "changed circumstances" test and its possible application to Plaintiff's transfer motion constitutes significant additional support for utilizing this test here.

Clearly, the plaintiff cannot meet this test. The cited Memorandum Order expressly states that 21 of these 37 tribal trust cases were filed on **December 14, 2006** - -that is, **before** the UKB filed its suit in the Eastern District of Oklahoma.  In short, the majority of the 37 cases in the transferee court were filed **before** the UKB filed the instant lawsuit and cannot justify the grant of the UKB's motion under the "changed circumstances" test.[2]

---

[2] Defendants have not uncovered any published opinions of any court in the Tenth Circuit which discuss this test or urge either the adoption or rejection of the "changed circumstances" test where a plaintiff has moved for a transfer of venue.

### IV. The Fact that the Defendant Governmental Agencies are Headquartered in the District of Columbia and the Alleged Presence of All the Government's Attorneys in the District of Columbia are Not Determinative.

Plaintiff argues that the location of Defendant governmental entities in the District of Columbia and the presence of **all** of the government's attorneys in the District of Columbia establishes the convenience of the transferee court for the Defendants. (Pl. Br. at 4). While the location of the headquarters of the defendant governmental agencies is in Washington, D.C., that consideration, in and of itself, does not warrant the requested transfer. See Me-Wuk Indian Community of the Wilton Rancheria v. Kempthorne, 246 F.R.D. 315 (D.D.C. 2007) (held that transfer of case from District of Columbia to the Northern District of California warranted in case concerning restoration of federally recognized tribe status; the court noted that although the U.S. Department of the Interior is headquartered in the District of Columbia, it "has a national presence and a regional office in California - the BIA Pacific Regional Office - that has been involved in the Tribe's efforts to regain federal recognition."). Similarly, the officials of the BIA's Eastern Oklahoma Regional Office - - not of headquarters Interior or BIA- - have had ongoing interactions with Plaintiff. Moreover, the convenience of the parties' respective counsel arguably warrants little consideration by the court because the court can assume that if the Plaintiff opted to sue in the transferor district then it is a convenient forum for Plaintiff and militates against the grant of Plaintiff's motion to transfer. See Symbol Technologies, Inc. v. Meteorlogic Instruments, Inc., 450 F. Supp. 676, 678 (S.D. Tex. 2006). Indeed, Plaintiff cites no opinions within the Tenth Circuit which bear upon these two points.

### V. The Plaintiff's Arguments About Convenience of Witnesses and Documents Are not Persuasive.

Plaintiff states, in pertinent part, with regard to the factor of convenience of witnesses: "It is believed that the majority of witnesses called on behalf of the government will be located in and around the District of Columbia." (Pl. Br. at 4). Plaintiff offers no factual basis for this assertion; certainly, counsel for Defendants has never given Plaintiff's counsel any indication that most of the government's potential witnesses in this case are located in Washington, D.C. In fact, it may well be that a majority of the government's potential witnesses are located in Oklahoma. This is because, as a matter of course, Plaintiff's officials interact with officials and employees of the BIA's Eastern Oklahoma Regional Office (which has jurisdiction over the Tribe) located in Muskogee, Oklahoma on a day-to-day (or week-to-week) basis - - not BIA officials and employees in Washington, D.C. Also, plaintiff fails to specify the essential witnesses that it will call and provide a general statement about the subject of the testimony to be given by each witness, which it is obligated to do as the party seeking to transfer. Hammann v. 1-800 Ideas. Com, Inc., 455 F. Supp. 2d 942, 962 (D. Minn. 2006).

Plaintiff argues that there are about 19,900 documents which are relevant to the issues in the instant lawsuit as well as the Tribal trust suit it has filed in the U.S. Court of Federal Claims are located in Washington, D.C. (Pl. Br. at 4). The emphasis on document location is misplaced. Even if most of the relevant documents are in Washington, D. C., that factor, by itself, militates only slightly in favor of Plaintiff's request. Wood v. Houghton Mifflin Harcourt Publishing Company, 2008 WL 2113344 (D. Colo.) **3,** citing Picker Int'l, Inc. v. Travelers Indemnity Co., 35 F. Supp. 2d 570, 574 (N.D. Ohio 1998). At least one court has ruled that if the relevant documents can be easily transported in paper or electronic form to the original venue, then their

location in the transferee district lends no weight to a transfer motion.  Advance Me, Inc. v. Rapidpay LLC, 450 F. Supp. 2d 669, 675 (E.D. Tex. 2006).   See also Thayer/Patricof Educ. Funding, L.L.C. v. Pryor Resources, Inc., 196 F. Supp. 2d 21, 36 (D.D.C. 2002) ("the location of documents, given modern technology, is less important in determining the convenience of the parties").

### VI.  Plaintiff's "Interests of Justice" Argument is Also Unpersuasive.

Plaintiff's final argument is that the 'interests of justice dictate transfer to the District of Columbia where 37 similar cases are currently pending." (Pl. Mot. at 4).  A court's "knowledge and familiarity with the issues presented" by certain types of claims bears on the "interests of justice" factor.  The Wilderness Society v. Babbitt, 104 F. Supp. 2d 10, 16 (D.D.C. 2000).  While the 37 "Tribal trust cases" have been pending for approximately one year and one-half to six years, the federal district court in Washington, D.C. has thus far dealt and will shortly deal with only procedural and jurisdictional issues - - not the merits of the particular types of breach of trust claims asserted in these 37 cases.  Certainly, this Court is equally skilled and equipped to deal with the law governing the breach of trust claims alleged in the instant lawsuit.  Further, there is a local interest in deciding local controversies at home.  See e. g., Shawnee Tribe v. United States, 298 F. Supp. 2d 21, 26 (D.D.C. 2002).  Certainly, the Cherokee tribal trust lands in which Plaintiff asserts an interest are located in Oklahoma.  It is also likely that Plaintiff holds some tribal trust funds (such as Tribal IIM funds) which are on deposit in local depositories.

Defendants read the cases cited by Plaintiff (Pl. Br. at 4) as standing for the proposition that when the same plaintiff has related (or very similar) claims filed in two different courts, then transfer serves the purpose of having the related claims of that plaintiff before the same tribunal.

But this proposition cannot justify Plaintiff's transfer motion because even if transfer were granted by this Court, Plaintiff's virtually identical claims would still be in two different federal courts - - in the United States Court of Federal Claims and the federal district court for the District of Columbia.

## CONCLUSION

For the multiplicity of reasons set forth above, Defendants respectfully submit that Plaintiff's Motion to Transfer should be denied.

Dated this 11th day of June, 2008.

                                                                Respectfully submitted,

                                                     */s/ James M. Upton*
                                                     JAMES M. UPTON
                                                     Natural Resources Section
                                                     Environment & Natural Resources Division
                                                     U.S. Department of Justice
                                                     P.O. Box 663
                                                     Washington, D.C.   20044-0663
                                                     Ph. (202) 305-0482
                                                     Fax: (202) 353-2021
                                                     E-mail: james.upton@usdoj.gov

                                                     Attorney for Defendants

OF COUNSEL:

Tom Bartman, Esq.
Office of the Solicitor
U.S. Department of the Interior
Washington, D.C.   20240

Teresa Dawson, Esq.
Office of Chief Counsel
Financial Management Services
U.S. Department of the Treasury
Washington, D.C.  20277

**CERTIFICATE OF SERVICE**

I hereby certify that on June 11, 2008, I electronically transmitted the foregoing **Defendant's Opposition to Plaintiff's Motion to Transfer this Case Pursuant to 28 U.S.C. § 1404(a) and Memorandum of Points and Authorities in Support** to the Clerk of the Court using the ECF system for filing and transmittal of a Notice of Electronic Filing to the Plaintiff's counsel (who are ECF registrants) at the following address:

>James C. McMillin, Esq.
>Tamara Schiffner Pullin, Esq.
>McAfee & Taft
>10th Floor, Two Leadership Square
>211 North Robinson
>Oklahoma city, Oklahoma   73102-7103

>/s/ James M. Upton
>James M. Upton